# Law Offices of Robert L. Kraselnik, PLLC

40-08 Case St, 2nd Floor
Elmhurst, NY 11373
(347) 608-5811

---

Direct: (646) 342-2019                                                                                             robert@kraselnik.com

November 3, 2017

**VIA ECF**
The Honorable Loretta A. Preska, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: <u>Cubias v. Sagamore Realty L.L.C. et. ano. (17-cv-1379)(LAP)</u>

Dear Judge Preska:

    We represent the plaintiff, Oscar Cubias ("Plaintiff"), in this action and are writing jointly with Defendants to explain why this settlement should be approved. As the Court is aware, this matter was brought under the Fair Labor Standards Act and New York State Labor Law. The parties have agreed to resolve the matter for $5,000 as indicated in the attached Settlement Agreement ("Agreement"). (*See* Exhibit A.)

    By way of background, Plaintiff alleges that on or about January 1, 2010, Defendants, Robert Kaszovitz, and Sagamore Realty L.L.C. d/b/a "Sagamore Realty", hired Plaintiff to work as a super and porter for Defendants' residential building located at 1295 Grand Concourse, Bronx, NY 10452.

    In his Complaint, Plaintiff alleges that while employed by Defendants, he worked an average of 70 hours per week. He alleges his pay began with a fixed weekly salary of $500 and culminated in a weekly salary of $560. Plaintiff, however, has no documentation to support his allegations of his hours. Defendants dispute the material allegations in the Complaint claiming, *inter alia*, that as a super and sole porter of the residence building he is owed no overtime compensation as per the New York Labor Law requirements. Plaintiff alleges that Defendants did not provide proper wage statements as they did not include the total number of housing units in the building on Plaintiff's checks as is required by New York State Law. The settlement is for $5,000 to be paid in a lump sum.

    Under the proposed Agreement, Plaintiff will receive a reasonable share of his claimed unpaid wages, and he will be able to secure the funds immediately. He will not have to bear the risk of protracted litigation or the risk that he might not be able to collect from Defendants.

10845475.2

The proposed $5,000 settlement will be divided as follows: $3,015 for Plaintiff and $1,985 for Plaintiff's counsel. Plaintiff's counsel's portion constitutes 33% of the total recovery after reimbursement of $500 in out-of-pocket expenses (filing fee and service costs).

In light of the fact that Defendants offered to pay $5,000 in a lump sum, Plaintiff, after having carefully evaluated the risks in consultation with counsel, concluded that the settlement contained in the Agreement is fair and reasonable. Plaintiff understands that he may lose at trial as supers are not generally entitled to overtime, and considering the vagaries of trial, Plaintiff has chosen to settle.

Accordingly, we respectfully request that Your Honor approve the Settlement Agreement. We thank Your Honor for considering this matter.

Respectfully submitted,

Robert L. Kraselnik

cc: David E. Binson, Esq. (Via email)