# Law Offices of Robert L. Kraselnik, PLLC
40-08 Case St, 2nd Floor
Elmhurst, NY 11373
(347) 608-5811

Direct: (646) 342-2019

November 3, 2017

robert@kraselnik.com



**VIA ECF**
The Honorable Loretta A. Preska, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Cubias v. Sagamore Realty L.L.C. et. ano.  (17-cv-1379)(LAP)</u>

Dear Judge Preska:

We represent the plaintiff, Oscar Cubias ("Plaintiff"), in this action and are writing jointly with Defendants to explain why this settlement should be approved. As the Court is aware, this matter was brought under the Fair Labor Standards Act and New York State Labor Law. The parties have agreed to resolve the matter for $5,000 as indicated in the attached Settlement Agreement ("Agreement"). (*See* Exhibit A.)

By way of background, Plaintiff alleges that on or about January 1, 2010, Defendants, Robert Kaszovitz, and Sagamore Realty L.L.C. d/b/a "Sagamore Realty", hired Plaintiff to work as a super and porter for Defendants' residential building located at 1295 Grand Concourse, Bronx, NY 10452.

In his Complaint, Plaintiff alleges that while employed by Defendants, he worked an average of 70 hours per week. He alleges his pay began with a fixed weekly salary of $500 and culminated in a weekly salary of $560. Plaintiff, however, has no documentation to support his allegations of his hours. Defendants dispute the material allegations in the Complaint claiming, *inter alia*, that as a super and sole porter of the residence building he is owed no overtime compensation as per the New York Labor Law requirements. Plaintiff alleges that Defendants did not provide proper wage statements as they did not include the total number of housing units in the building on Plaintiff's checks as is required by New York State Law. The settlement is for $5,000 to be paid in a lump sum.

Under the proposed Agreement, Plaintiff will receive a reasonable share of his claimed unpaid wages, and he will be able to secure the funds immediately. He will not have to bear the risk of protracted litigation or the risk that he might not be able to collect from Defendants.

The proposed $5,000 settlement will be divided as follows: $3,015 for Plaintiff and $1,985 for Plaintiff's counsel. Plaintiff's counsel's portion constitutes 33% of the total recovery after reimbursement of $500 in out-of-pocket expenses (filing fee and service costs).

In light of the fact that Defendants offered to pay $5,000 in a lump sum, Plaintiff, after having carefully evaluated the risks in consultation with counsel, concluded that the settlement contained in the Agreement is fair and reasonable. Plaintiff understands that he may lose at trial as supers are not generally entitled to overtime, and considering the vagaries of trial, Plaintiff has chosen to settle.

Accordingly, we respectfully request that Your Honor approve the Settlement Agreement. We thank Your Honor for considering this matter.

Respectfully submitted,

Robert L. Kraselnik

cc: David E. Binson, Esq. (Via email)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

OSCAR CUBIAS, on behalf of
himself and others similarly situated,

    Plaintiff,

       v.

SAGAMORE REALTY L.L.C.
d/b/a SAGAMORE REALTY,
and ROBERT KASZOVITZ,

    Defendants.

Case No.: 17-CV-1379

*Approved.*

SO ORDERED
*Loretta A. Preska*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

11/6/17

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

    This Confidential Settlement Agreement and General Release ("the Settlement Agreement") is made and entered into by and between, on the one hand, Oscar Cubias ("Plaintiff"), and on the other, Sagamore Realty L.L.C. d/b/a Sagamore Realty ("Corporate Defendant"), and Robert Kaszovitz ("Defendant") (collectively, the "Defendants") (all parties collectively, "the Settling Parties"), as of October__, 2017.

### RECITALS

A. WHEREAS, on or about February 24, 2017, Plaintiff who was employed by the Corporate Defendant as a porter and super filed an action (the "Action") against Defendants alleging, inter alia, that Defendants failed to pay him certain wages due in connection with services he performed on its behalf. The aforementioned Action is currently pending in the United States District Court, Southern District of New York, Case No. 17-CV-1379;

B. WHEREAS, the Court has made no determination with respect to the claims presented;

C. WHEREAS, Defendants admit no wrongdoing nor any liability with respect to Plaintiff's allegations;

D. WHEREAS Defendants deny all of the material allegations asserted by Plaintiff in his Complaint and have denied and continue to deny that they have violated any law, rule or regulation or committed any wrong whatsoever against Plaintiff;

E.  WHEREAS the Settling Parties have exchanged information related to the claims in this Action, such that they have adequate information to assess the appropriateness of this Settlement Agreement; and

F.  WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

G.  NOW, THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## AGREEMENT

1.    Consideration. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. Plaintiff agrees that he will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement.

2.    Settlement Compensation and Full General Release.

Defendants shall pay to Plaintiff, subject to the terms and conditions of this Settlement Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the date of this Settlement Agreement, including, but not limited to, all counsel fees and costs incurred by Plaintiff, the sum of five thousand dollars ($5,000.00) (the "Settlement Amount") to be paid by check made payable to "Law Offices of Robert L. Kraselnik, PLLC as Attorneys" within 3 days of the Court's approval of this Settlement Agreement. Determination of the Plaintiff's share, counsel fees, and costs, is solely the responsibility of the Plaintiff and his counsel.

Within 3 days of receipt of the payment, Plaintiff will file a notice of voluntary dismissal with prejudice with the court, a copy of which is attached hereto. In the event that additional documentation is needed to terminate this proceeding, Plaintiff shall execute and submit all documents required to terminate such proceedings.

3.    Taxes. Plaintiff understands and agrees that Defendants are not withholding federal or state income taxes, FICA, Social Security, Medicare, or any other withholding from the settlement payment and therefore Plaintiff agrees and promises to pay all taxes which may be due with respect to those portions of the Settlement Payment in the event a governmental taxing authority determines that any such taxes are due. Plaintiff further agrees to indemnify and hold Defendants harmless from all liabilities for failing to withhold the foregoing tax items from the Settlement Payment to them including, but not limited to, the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payment under this Settlement Agreement.

4.    <u>Cooperation.</u> Plaintiff and Defendants mutually agree that they will not disparage each other and that they will not say or do anything to bring discredit upon the other.

5.    <u>Entire Agreement</u>. This Settlement Agreement constitutes the complete understanding of the Settling Parties. No other promises or agreements shall be binding unless agreed to in writing and signed by the Settling Parties.

6.    <u>Confidentiality</u>. – Plaintiff and his attorneys agree that the terms of this Settlement Agreement are strictly confidential and shall not be disclosed to anyone other than his attorneys, accountants or tax advisors or as required by law. Additionally, Plaintiff and his attorneys expressly agree to keep strictly confidential and not discuss, disclose, or reveal, directly, or indirectly, to any person, business, media, or entity of any type whatsoever, any and all the following: (a) the fact or existence of this Agreement; and (b) any non-public aspect of any of the operations and activities of Defendants, its staffed personnel and individuals for whom it is responsible or who otherwise in its charge. Further, Plaintiff and his attorneys agree not to contact any current or former employees for the Defendants and/or customers to discuss his allegations against the Defendants and/or the nature and terms of the Agreement. Plaintiff represents and agrees that any disclosure of information contrary to the terms of this confidentiality provision by him or any of his confidantes noted above is a material breach and would cause Defendants injury and damage, the actual amount of which would be impossible to determine. Accordingly, Plaintiff consents to entry of injunctive relief in addition to any and all remedies under this Agreement. Plaintiff further agrees that Defendants shall be entitled to recover all sums paid under this Agreement to Plaintiff as liquidated damages for each instance in which Plaintiff or his confidantes voluntarily discloses to any other person any information in violation of the terms of this confidentiality provision. Plaintiff agrees to notify Defendants' attorneys immediately of any attempts by any third parties to attempt to obtain or compel by legal process the disclosure of this Settlement Agreement or its contents.

7.    <u>Release and Covenant Not To Sue.</u> Plaintiff, and his agents, heirs, successors and assigns (jointly, the "Releasor") hereby irrevocably and unconditionally releases from and forever discharges Defendants and their respective heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers (the "Releasees") of and from any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Releasor at any time has, had, claims or claimed to have against Releasees relating to his employment with Releasees and regarding any events he has, had, claims or claimed to have through the date of this Settlement Agreement, including, without limitation, any and all claims related or in any manner incidental to the litigation, such as Plaintiff's employment or termination, or any liability under any contract, tort, federal,

state or local fair employment practices or civil rights or any other law, including, but not limited to, the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, Older Workers' Benefit Protection Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New York City Labor Law, or any and all common law claims, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys' fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity. Additionally, Releasor covenants not to sue Releasees for any of the aforementioned claims.

9.    <u>No Admission of Wrongdoing.</u>  This Settlement Agreement and compliance with this Settlement Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

10.    <u>Non Participation in Other Proceedings.</u> Plaintiff agrees that he will not lodge or assist anyone else in lodging any formal or informal complaint, claim, charge, action or proceeding in court, with any federal, state, or local agency, or in arbitration, or in any other forum against any of the Defendants and their respective heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, arising out of or related to any events that pre-date his execution of this Settlement Agreement.

11.    This Settlement Agreement constitutes the entire agreement and understanding of the parties and it replaces all prior oral or written agreements, arrangements, and understandings. No representation, promise, statement or intention has been made by any party that is not stated in this Settlement Agreement, and no party shall be bound by or liable for any alleged representation, promise, or statement not stated in this Settlement Agreement. This Settlement Agreement may only be modified in writing signed by the parties or their duly appointed agents.

12.    <u>Acknowledgement.</u> Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have been fully and fairly represented by counsel in this matter.

13.    Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Settlement Agreement except for statements, representations or promises expressly set forth in this Settlement Agreement. They further acknowledge and agree that the only consideration for signing this Settlement Agreement is as set forth herein.

15.  <u>Enforceability.</u> If any provision of this Settlement Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Settlement Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

16. This Settlement Agreement shall be deemed to have been jointly drafted by the parties and, in construing and interpreting this Settlement Agreement, no provision shall be construed and/or interpreted for or against any of the parties because such provision, or any other provision, or the Settlement Agreement as a whole, was purportedly prepared or requested by such party.

17.  <u>Release Notification.</u> Defendants advised Plaintiff to discuss the terms of this Settlement Agreement and release of claims with their legal counsel and Plaintiff acknowledges that he has consulted with Robert L. Kraselnik, Esq. of Law Offices of Robert L. Kraselnik, PLLC. Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Settlement Agreement, and after an opportunity to consult with his attorneys. Plaintiffs confirm that this Settlement Agreement and General Release has been translated to Plaintiff in Spanish and that he understands the terms of this Settlement Agreement and that he is signing this Settlement Agreement voluntarily.

18.  <u>Counterparts.</u> This Agreement may be executed in any number of counterparts and any Party hereto and/or their respective counsel may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and all of which counterparts taken together shall constitute one and the same instrument. Fax and/or PDF signatures shall be deemed valid for purposes of this Settlement Agreement.

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

_____
Oscar Cubias

ACKNOWLEDGEMENT

State of New York  )
County of New York)ss.:

On the __S⁷ᵀᴴ__ day of ~~September~~ OCTOBER in the year 2017 before me the undersigned, a Notary Public in and for said State, personally appeared Oscar Cubias personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity/(ies), and that his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

**ROBERT L. KRASELNIK**
**Notary Public, State of New York**
**No. 02KR6341795**
**Qualified in Weschester County**
**Expires May 16, 2020**

Sagamore Realty L.L.C. d/b/a Sagamore Realty

By: _Robert Kaszovitz_

Name:
Title: Manager

Robert Kaszovitz